IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN ANDREW BELL,

    **Plaintiff,**

    v.                                    CASE NO. 18-3276-SAC

N.C. ENGLISH, Warden,
USP-Leavenworth, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff proceeds pro se and in forma pauperis in this prisoner civil rights action. At the time of filing, Plaintiff was in federal custody at USP Leavenworth in Leavenworth, Kansas. Plaintiff alleges in his Complaint that Defendants have retaliated against him for filing grievances by delaying his transfer to a halfway house that was scheduled for November 13, 2018. Plaintiff alleges that his case manager, Defendant Helm, told Plaintiff that he would take away Plaintiff's halfway house designation if Plaintiff filed grievances against him. Plaintiff alleges that his designation was then delayed without due process. Plaintiff alleges that Defendant Ratz took all of Plaintiff's BP Forms, stamps, address book, Bible, and pens, to prevent Plaintiff from filing administrative remedies and legal actions. Plaintiff alleges that his property was destroyed in response to his hunger strike, without a disciplinary hearing, and to prevent Plaintiff from filing a grievance prior to being placed in a "hard cell." Plaintiff also alleges the Warden is holding him in the SHU without cause, and that Plaintiff was told it is due to "administration not liking him."

Plaintiff filed a motion (Doc. 3) seeking an expedited preliminary injunction based on alleged irreparable harm. Plaintiff asks the Court to restore his halfway house date, to order his

immediate removal from the SHU, and to order Defendants to cease all attempts to stop Plaintiff from seeking relief. The Court entered an Order (Doc. 5) directing Defendants to respond to the motion. This matter is before the Court on Defendants' Response (Doc. 7).

Defendants' Response indicates that Plaintiff has been transferred to a halfway house, rendering his request for injunctive relief moot. Defendants state that:

> Plaintiff Steven Bell is a federal inmate, and at the time the Complaint was filed, was housed at the United States Penitentiary ("USP") located in Leavenworth, Kansas. (Declaration Heim, Attachment 1, p. 1, ¶ 4). Plaintiff's projected full-term release date is December 30, 2018. (*Id.,* p. 2, ¶ 5; Exh. A, p. 2). When Plaintiff was initially transferred to USP Leavenworth, his projected date for release to a halfway house was November 13, 2018. (*Id.,* ¶ 6; Exh. F). Plaintiff agreed to a medical hold to obtain medical services, including surgery and follow-up services. (*Id.,* ¶ 7; Exh. E). Due to the surgery, Plaintiff's halfway house release date was moved to December. (*Id.*, p. 3, ¶ 9; Exh. G). Plaintiff underwent surgery at the end of October, 2018, which resulted a medical hold, and the release date for the halfway house to be moved to December. (*Id.,* p. 3, ¶ 9; Exh. D, F, and H). Plaintiff's medical hold was lifted on November 20, 2018. (*Id.* ¶ 10; Exhibit I). Plaintiff was approved for transfer from USP Leavenworth to a halfway house on November 20, 2018. (*Id.,* ¶ 11; Exh. B; Exh. J, p. 2). Plaintiff left USP Leavenworth on November 27, 2018, scheduled to arrive at the halfway house on November 28, 2018. (*Id.*, p. 3-4, ¶ 11; Exh. B; Exh. J, p. 5).

(Doc. 7, at 1–2) (citing Heim Declaration, Attachment 1).

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251.

Plaintiff has failed to show irreparable harm and his request for injunctive relief is moot. Plaintiff was transferred to the halfway house and is no longer housed at USP Leavenworth. Because Plaintiff's request relates solely to alleged wrongdoing on the part of USP Leavenworth employees, the Court would be unable to provide Plaintiff with effective relief. The Court therefore denies Plaintiff's motion seeking an expedited preliminary injunction.

Plaintiff also seeks injunctive relief in his Complaint. Such a request is likewise moot. Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or

controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer incarcerated at USP Leavenworth, his claims for injunctive relief are moot and subject to dismissal.

Plaintiff also seeks $1,000 per day for each day he was held in the SHU past November 25, 2018, and $1,000 per day for each day he was held at USP Leavenworth past November 13, 2018. Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail,

prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiff also filed a Motion to Modify Petition (Doc. 6), seeking to correct the spelling of Defendant A. Heim's name and to add a request for $1,000,000 in punitive damages. The Court grants the motion. However, punitive damages "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind. Plaintiff's request for punitive damages is subject to dismissal.

Defendants' Response also alleges that Plaintiff has failed to exhaust his administrative remedies. Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010). This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), cert. denied, 540 U.S. 1118 (2004). An "inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *see also Hansen v. Federal Bureau of Prisons*, 211 F. App'x 690, 691 (10th Cir. 2006) (unpublished) (stating that "[i]t is well established that a plaintiff seeking to assert a *Bivens* claim must first exhaust all available administrative remedies") (citing *Yousef v. Reno*, 254 F.3d 1214, 1216 n. 1 (10th Cir. 2001)).

The court may dismiss sua sponte a prisoner complaint when it is clear on the face of the complaint that the prisoner has not exhausted administrative remedies. *See Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Accordingly, Plaintiff is directed to show cause why his Complaint should not be dismissed for failure to exhaust available administrative remedies before filing this action.

Plaintiff is directed to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper amended complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion seeking an expedited preliminary injunction (Doc. 3) is **denied.**

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-3276-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Modify Petition (Doc. 6) is **granted.**

**IT IS FURTHER ORDERED THAT** Plaintiff is granted until **December 21, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **December 21, 2018**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 4th day of December, 2018.**

<u>S/ Sam A. Crow</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**